UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **KENNETH CHAN** | : | CIVIL ACTION NO. 2:25-cv-001876 |
| **VERSUS** | : | JUDGE JAMES D. CAIN, JR. |
| **GENINE D. EDWARDS ET AL** | : | MAGISTRATE JUDGE LEBLANC |

### REPORT AND RECOMMENDATION

Before the Court is plaintiff Kenneth Chan's Application to Proceed *in forma pauperis*. Doc. 2. After review of the application [doc. 2], the Court finds Chan is indigent and **RECOMMEDS** he be **GRANTED** leave to proceed *in forma pauperis*.

For the reasons stated below, however, it is **RECOMMENDED** that the matter be **DISMISSED WITHOUT PREJUDICE**.

#### BACKGROUND

On November 14, 2025, Chan filed a complaint in this court naming Genine D. Edwards and Erik Carlson as defendants. Doc. 1. In its entirety, the complaint states:

> 1. The current owner of the apartment where Plaintiff resides is Re/Max, as the former owner Raymond Chan claimed in his sworn affidavit,
>
> 2. Defendants and Raymond Chan conspired together and deprived Plaintiff of due process,
>
> 3. This Court has jurisdiction under the RICO Act.
>
> PRAYER FOR RELIEF
> Plaintiff demands $1 Billion against all Defendants.
>
> VERIFICATION
> The undersigned declares under penalty of perjury that he is the plaintiff in the above action, that he has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746, 18 U.S.C. § 1621.

*Id.* It appears Chan has filed the same complaint in several district courts around the country. *See, e.g., Chan v. Edwards*, 25-CV-955 (Nov. 19, 2025, N.D. Ind.); *Chan v. Edwards*, 25-CV-1332 (Nov. 17, 2025, M.D. Tenn.); *Chan v. Edwards*, 25-CV-1789 (Nov. 14, 2025, E.D. Wis.); *Chan v. Edwards*, 25-CV-187 (Nov. 14, 2025, E.D. Ky.); *Chan v. Edwards*, 25-CV-371 (Nov. 13, 2025, N.D. Ga.); *Chan v. Edwards*, 25-CV-751 (Nov. 13, 2025, E.D.N.C.); *Chan v. Edwards*, 25-CV-885 (Nov. 12, 2025, W.D. Mo.); *Chan v. Edwards*, 25-CV-3053 (Nov. 10, 2025, N.D. Tx.).

## LAW AND ANALYSIS

Although Chan is indigent and this court recommends that he be granted *in forma pauperis* status, "[t]o guard against abuse of the free access provided to courts by the *in forma pauperis* statutes, a district court must screen cases brought under 28 U.S.C. § 1915." *Smith v. Woods*, No. CV 19-14779, 2020 WL 3606271, at *7 (E.D. La. July 2, 2020), *aff'd*, 853 F. App'x 980 (5th Cir. 2021). In this regard, "[t]he Court is empowered to screen any civil complaint filed by a party proceeding *in forma pauperis* to determine whether the claims presented (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief." *Brasher v. 15th Jud. Dist. Ct.*, No. 6:24-CV-00207, 2024 WL 3688377, at *2 (W.D. La. July 12, 2024), *report and recommendation adopted*, 2024 WL 3681580 (W.D. La. Aug. 6, 2024).

As Chan has filed identical suits in multiple other districts, his complaint has already been screened and dismissed by at least one court pursuant to 28 U.S.C. § 1915(e). *See Chan v. Edwards*, 25-CV-1789, doc. 4 (Nov. 18, 2025, E.D. Wis.). After review of the order issued by Judge Byron Conway of the United States District Court, Eastern District of Wisconsin, the undersigned agrees with and adopts the analysis and legal conclusions made therein:

> Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled

to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

Chan's complaint does not state any plausible claim for relief. It offers only the barest conclusion without offering any details from which the court can determine as to who the parties are, their relationship, or what specifically allegedly happened between them.

There is also no hint that venue is proper in this district. *See* 28 U.S.C. § 1391. Notably, Chan states he lives in Brooklyn, New York. There is no suggestion that Chan or the defendants have any connection to this district. Notably, Chan appears to have recently filed a number of identical lawsuits around the country. *See, e.g.*, *Chan v. Edwards*, 25-CV-187 (Nov. 14, 2025, E.D. Ky.); *Chan v. Edwards*, 25-CV-371 (Nov. 13, 2025, N.D. Ga.); *Chan v. Edwards*, 25-CV-885 (Nov. 12, 2025, W.D. Mo.); *Chan v. Edwards*, 25-CV-3053 (Nov. 10, 2025, N.D. Tx.).

Having failed to state a plausible claim for relief, the court must dismiss Chan's complaint. Ordinarily, the court will afford a litigant, particularly a pro se litigant, at least one opportunity to file an amended complaint before dismissing an action. However, Chan has provided the court with no reason to suspect that venue is proper in this district or that the court has personal jurisdiction over the defendants. In other words, the court has no reason to believe that Chan may be able to present a plausible claim if permitted to amend. Therefore, the court will dismiss this action.

Finally, the court cautions Chan that filing the same lawsuit in multiple districts may be regarded as vexatious and an abuse of the legal process. [*See Huot v. Montana State Dep't of Child & Fam. Servs.*, No. 2:17-CV-253, 2017 WL 3172720, at *2 (S.D. Tex. July 24, 2017) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)) ("The duplicative or repetitive litigation of virtually identical causes of action is subject to dismissal under § 1915(e)(2) as malicious.").] As such, it may result in the imposition of sanctions under 28 U.S.C. § 1927, Fed. R. Civ. P. 11, or the court's inherent authority, which may include monetary penalties or filing bars. *See, e.g.*, *Chapman v. Exec. Comm.*, 324 F. App'x 500, 502 (7th Cir. 2009); *Emrit v. Lawson*, No. 1:17-cv-03624-JMS-TAB, 2017 U.S. Dist.

LEXIS 173043, at *8 (S.D. Ind. Oct. 19, 2017)[; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993); *Emrit v. Combs*, No. 1:24-CV-00369, 2025 WL 209033 at *1 (W.D. La. Jan. 15, 2025)].[1]

*Id.*

## CONCLUSION

Accordingly,

**IT IS HEREBY RECOMMENDED** that plaintiff Kenneth Chan's Motion to Proceed *in forma pauperis* [doc. 2] be **GRANTED.**

**IT IS FURTHER RECOMMENDED** that Chan's complaint and this matter be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief may be granted.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers this 22nd day of December, 2025.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Bracketed text was added to include relevant Fifth Circuit precedent.